

# IN THE
# TENTH COURT OF APPEALS

————————————

### No. 10-08-00281-CV

**JUNIOR RAY BROWN,**

                                                        **Appellant**

 **v.**

**DEBORAH D. ROBINSON,**

                                                        **Appellee**

————————————

**From the 87th District Court
Freestone County, Texas
Trial Court No. 08-276-B**

————————————

## MEMORANDUM OPINION

————————————

Junior Ray Brown appeals the trial court's dismissal of his civil suit. Brown, a prison inmate at the Boyd Unit in Teague, sued Deborah D. Robinson, the head of the Boyd Unit's law library, for immediate injunctive relief under the Eighth Amendment's provision against cruel and unusual punishment. Brown's claim centers on Robinson's rule that any inmate in the library has a set time during his appointed library session to use the restroom, and if an inmate goes to the restroom before the set time, that inmate cannot finish his appointed library session.

On the day after Brown's suit was filed, the trial court signed an order of dismissal without prejudice, finding that Brown "failed to comply with any provisions set forth in Chapter 14" of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (Vernon 2002). Robinson was not served with citation and Brown's petition, nor did she make an appearance.

Brown's brief merely rephrases his underlying complaint and does not address Chapter 14.[1]

Generally, the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental,* 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). A prison inmate who files suit in a Texas state court pro se and who seeks to proceed *in forma pauperis* must comply with the procedural requirements set forth in Chapter 14 of the Civil Practice and Remedies Code. *Id.* at 767 (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002)). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *Id.*

Subsection 14.005(a) mandates that an inmate who files a claim that is subject to the TDCJ grievance system file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written grievance decision. *Id.* at 768 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1)). The subsection also mandates the filing of a copy of the written grievance decision. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2)). If an inmate does not strictly comply with

---

[1] Brown's brief is inadequate in numerous respects. *See* TEX. R. APP. P. 38.1. Under Rule 2, we will suspend Rule 38.1's requirements and will address his appeal to expedite its disposition. *See* TEX. R. APP. P. 2.

subsection 14.005(a), a trial court does not abuse its discretion in dismissing the claim. *Id.*

Brown did not file an affidavit or unsworn declaration in compliance with subsection 14.005(a). Accordingly, the trial court did not abuse its discretion in dismissing Brown's suit. We affirm the trial court's dismissal order.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed July 21, 2010
[CV06]